IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rojas,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-15-00933-PHX-JJT (JZB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's Motion to Stay Federal Proceedings, in which Petitioner requests the Court stay his habeas proceedings so that he can exhaust his claims in state court. (Doc. 4.) On July 1, 2015, the Arizona Supreme Court denied review of Petitioner's post-conviction relief proceedings, rendering his request for a stay moot. (Doc. 12-3, Ex. X.) However, Respondents also request the Court stay this matter until the United States Supreme Court issues a decision in *Montgomery v. Louisiana*, 135 S. Ct. 1546. (Doc. 11.)

Petitioner asserts in his habeas Petition, among other claims, that the Supreme Court's holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), applies retroactively to his case, and his sentence violates the Eighth Amendment pursuant to *Miller*. On March 23, 2015, the Supreme Court granted certiorari in *Montgomery*. At issue in *Montgomery* is whether the Supreme Court in *Miller* adopted a new substantive rule that applies retroactively to cases on collateral review. The Supreme Court's decision will impact the Court's analysis regarding whether Petitioner's habeas claims are time-barred and

whether they fail on the merits. Therefore, the Court recommends that this matter be stayed pending the Supreme Court's decision in *Montgomery*.

## I. Background

### a. Petitioner's Convictions, Appeal, and PCR Proceedings

On February 6, 2001, Petitioner was convicted of two counts of first-degree murder and one count each of armed robbery, conspiracy to commit armed robbery, and conspiracy to commit first-degree burglary. (Doc. 12-1, Ex. B.) The trial court sentenced him to several concurrent terms of imprisonment, including natural life for one count of murder, and a consecutive term of natural life for the second count of murder. (*Id.*, Ex. C.)

Petitioner appealed his convictions and sentences by filing an opening brief in the Arizona Court of Appeals, raising claims unrelated to his current habeas Petition. (*Id.*, Ex. E.) On April 24, 2003, the State filed an answering brief (*Id.*, Ex. F), and on June 2, 2003, Petitioner filed a reply (Doc. 12-2, Ex. G). On October 21, 2003, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.*, Ex. H.) On November 17, 2003, Petitioner filed a *pro per* petition for review in the Arizona Supreme Court. (*Id.*, Ex. I.) On December 10, 2003, the State filed a notice of acknowledgment. (*Id.*, Ex. J.) The Arizona Supreme Court denied review on March 15, 2004. (*Id.*, Ex. W.)

On June 25, 2012, the United States Supreme Court decided *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Court explained that "[m]andatory life without [the possibility of] parole for a juvenile precludes consideration" of the defendant's "chronological age and its hallmark features," including the defendant's "family and home environment," the "circumstances of the homicide offense," that the offender "might have been charged and convicted of a lesser offense if not for incompetencies associated with youth," and "the possibility of rehabilitation." *Id.* at 2468. The Court stated that the Eighth Amendment requires "a judge or jury . . . to consider [such] mitigating circumstances before imposing the

harshest possible penalty for juveniles." *Id.* at 2475.

On June 25, 2013, Petitioner filed a notice of post-conviction relief ("PCR"), indicating that *Miller* reflected a significant change in the law because the Supreme Court had decided that "mandatory life without parole sentences for juveniles are unconstitutional." (*Id.*, Ex. K.) On July 9, 2013, the trial court noted that this proceeding was Petitioner's "first Rule 32 proceeding" and concluded it was untimely. (*Id.*, Ex. L.) The court also addressed Petitioner's argument and dismissed his PCR notice:

> Defendant is claiming, pursuant to Ariz. R. Crim. P. 32.1(g), that there has been a significant change in the law that if applied retroactively to the defendant's case, would probably affect the outcome. Specifically, Defendant cites *Miller v. Alabama*, 132 S.Ct. 2455 (2012).
>
> The Defendant claims *Miller* constitutes a significant change in the law that applies to his case. For the purpose of this order only, the Court shall consider that *Miller* could be a significant change in the law. Defendant asserts that under *Miller*, a juvenile could not be sentenced to life imprisonment. This is a misreading of *Miller* which does not place a categorical ban on juvenile life sentences without the possibility of parole. Rather, in *Miller*, the Supreme Court ruled that a <u>mandatory</u> life sentence without the possibility of parole was unconstitutional. Hence, the judge or jury must have the opportunity to consider mitigating circumstances such as age prior to imposing either life with the possibility of parole or the harshest sentence possible for a juvenile, that being natural life without the possibility of parole.
>
> In the instant case, the record demonstrates that the age of the Defendant was determined to be a mitigating factor. Even after considering the Defendant's age as a mitigating factor, the Court chose to sentence him to the term of his natural life. Since the sentence of natural life without the possibility of parole was not statutorily mandated and the Court had the discretion to order life with the possibility of parole but chose not to, defendant has failed to demonstrate that *Miller* is a significant change in the law as applied to his case.

(*Id.*)

On July 21, 2013, Petitioner filed a motion for rehearing, contending the imposition of a life sentence without the possibility of parole violated the Eighth Amendment. (Doc. 12-3, Ex. N.) On July 24, 2013, the Arizona Justice Project filed a "Brief of *Amicus Curiae* in support of Petitioner's motion for reconsideration," requesting the court reconsider its dismissal of Petitioner's PCR notice, appoint Petitioner counsel, and allow Petitioner to file a PCR petition "to develop several issues of first

impression and statewide importance." (*Id.*, Ex. M.) On July 29, 2013, the trial court denied Petitioner's Motion:

> The record in this matter is clear that the sentencing judge took into account the age of the defendant as part of the sentencing determination (page 13 of sentencing transcript). Therefore, if *Miller* has retroactive application, its requirements regarding mitigation have been met in this matter and there is no basis for defendant to be relieved from the natural life sentence that was imposed upon him.

(*Id.*, Ex. O.) On August 26, 2013, Petitioner filed a petition for review in the Arizona Court of Appeals (*Id.*, Ex. P), and on October 23, 2013, the State filed a response (*Id.*, Ex. Q). On November 12, 2013, the Arizona Justice Project filed another *Amicus Curiae* brief in the Arizona Court of Appeals, to which the State filed a response on January 15, 2014. (*Id.*, Ex. R.) On February 12, 2015, the Arizona Court of Appeals granted review, but denied relief, based on the following reasoning:

> Rojas contends the Supreme Court opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), constitutes a significant change in the law that required the trial court to vacate his sentences of natural life. *See* Ariz. R. Crim. P. 32.1(g) (significant change in the law as a ground for post-conviction relief); 32.2(b) (rule of preclusion does not apply to claims for relief based on Rule 32.1(g)). In *Miller*, the Supreme Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S.Ct. at 2460. The court further held that a trial court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole so long as the court takes into account "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469.
>
> We assume *arguendo* that *Miller* is retroactive. Even so, we deny relief. *Miller* prohibits *mandatory* life sentences without the possibility of parole for juvenile offenders. *Id.* at 2460. Rojas's sentences to natural life were not mandatory. The trial court knew it had the option to sentence Rojas to natural life or life with a possibility of parole after twenty-five years' imprisonment. *See* Ariz. Rev. Stat. ("A.R.S.") § 13–703(A) (1999). Further, in its determination of which sentence to impose, the trial court acknowledged Rojas's "miserable childhood," and found that his age at the time he committed the murders and his lack of prior felony convictions were mitigating factors. Therefore, the court took into account "how children are different" and Rojas's sentences to natural life complied with *Miller*.

(*Id.*, Ex. T ¶¶ 3–4.)

### b. Petitioner's Habeas Proceedings

On May 22, 2015, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), a Motion to Appoint Counsel (Doc. 3), and a Motion to Stay these proceedings pending exhaustion of Petitioner's state remedies (Doc. 4). In his Petition, Petitioner asserts three grounds for relief:

1. his life sentences constitute cruel and unusual punishment under the Eighth Amendment and are unconstitutional under *Miller*;
2. the state trial court erred by summarily dismissing his PCR proceeding as untimely, failing to appoint him counsel, and depriving him of an opportunity to file a PCR petition; and
3. *Miller* applies retroactively to Petitioner's case.

(Doc. 1 at 6-9.)

In his Motion to Stay, Petitioner requests the Court stay this matter because his Petition for Review regarding his Rule 32 proceedings is pending with the Arizona Supreme Court. (Doc. 4.) However, on July 1, 2015, the Arizona Supreme Court denied review of Petitioner's Petition. (Doc. 12-3, Ex. X.)

On July 13, 2015, the Court denied Petitioner's Motion to Appoint Counsel, and ordered Respondents to answer the Petition and respond to the Motion to Stay. (Doc. 7.)

On August 21, 2015, Respondents filed a Response to Petitioner's Motion to Stay and an Answer to the Petition. (Docs. 11, 12.) In their Response to the Motion to Stay, Respondents assert that Petitioner's request for a stay to allow him to exhaust his state court remedies is now moot because the Arizona Supreme Court denied his Petition for Review on July 1, 2015. (Doc. 11.) However, Respondents argue that a stay of these proceedings is appropriate because the United States Supreme Court granted certiorari in *Montgomery*, in which the Court will decide whether the holding in *Miller* applies retroactively to cases on collateral review. (*Id.* at 2.) Although Respondents contend that Petitioner's Petition fails on the merits regardless of whether *Miller* applies retroactively, and, therefore, a stay would delay the entry of judgment in the district court, Respondents

argue a stay here is nonetheless appropriate because it would reduce the risk of unnecessary appeals. (*Id.* at 2-4.) Petitioner has not filed a reply to Respondents' Response or Answer.

## II. Discussion

The Court finds that it is appropriate to stay this matter until the Supreme Court issues its decision in *Montgomery*. Respondents argue that the Court should dismiss the Petition because it is time-barred, *Miller* does not apply retroactively, and even assuming *Miller* applies retroactively, Petitioner's claims fail on the merits. (Doc. 12 at 7-8.) The issue before the Supreme Court in *Montgomery* is whether the Supreme Court in *Miller* adopted a new substantive rule that applies retroactively to cases on collateral review. Consequently, the *Montgomery* decision will impact the Court's analysis regarding whether Petitioner's habeas claims are time-barred, and whether Petitioner's claims fail on the merits.

More specifically, the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). The ADEPA's one year statute of limitations begins to run from the latest of four dates, one of which is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(A)–(D). If the Supreme Court determines that its holding in *Miller* does not apply retroactively, based on long-settled law, Petitioner's Petition is untimely. If, however, the Court finds the holding applies retroactively, Petitioner's claims may not be time-barred.

Likewise, the Supreme Court's decision in *Montgomery* will impact the Court's analysis of the merits of Petitioner's habeas claims. If the Supreme Court decides that its holding in *Miller* does not apply retroactively, Petitioner's first and third grounds for relief must fail on the merits. If, however, the Court finds *Miller* does apply

retroactively, Petitioner's first and third grounds for relief may or may not fail.

Additionally, the Court is required to issue or deny a certificate of appealability (COA) when it issues a final order on Petitioner's Petition. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Petitioner may also seek a COA from the Ninth Circuit. *Id.* ("If the [district] court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals."). In deciding whether to issue a COA, the district court must determinate whether Petitioner has made a "substantial showing of the denial of a constitutional right" and, if the district court dismisses the Petition on a procedural ground, whether the dismissal is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given the impact of the Supreme Court's decision in *Montgomery* and the COA standard, issuing a decision on Petitioner's claims before the Supreme Court decides *Montgomery* would be premature. If the Court rules on Petitioner's habeas Petition now, and the Supreme Court later makes a ruling that is contrary to the Court's analysis, unnecessary appeals would likely result. Therefore, this Court finds that a stay of these proceedings until the Supreme Court issues its decision in *Montgomery* is appropriate.

Other district courts have stayed habeas proceedings based, at least in part, on the unsettled question of whether the holding in *Miller* applies retroactively. *See Lewis v. Hoffner*, No. 2:15-cv-10766, 2015 U.S. Dist. LEXIS 141607, at *6 (E.D. Mich. Oct. 19, 2015) ("because the retroactivity of *Miller* is a concern, and because the Supreme Court is expected to rule on that issue this term, *see Montgomery v. Louisiana*, 135 S. Ct. 1546, 191 L. Ed. 2d 635 (2015) (granting the petition for writ of certiorari), the Court will stay this case until the Supreme Court issues a dispositive decision in *Montgomery*"); *Williams v. Harlow*, No. 07-2845, 2015 U.S. Dist. LEXIS 47026, at *10 (E.D. Pa. Mar. 19, 2015) ("Finally, because the issue of *Miller's* retroactivity to cases on collateral

review remains unsettled, a continued stay and abeyance is warranted in this case") (Report and Recommendation adopted by *Williams v. Harlow*, 2015 U.S. Dist. LEXIS 46906 (E.D. Pa., Apr. 10, 2015)); *Zuber v. Wenerowicz*, No. 14-0128, 2015 U.S. Dist. LEXIS 52829, at *12 (E.D. Pa. Mar. 25, 2015) ("Accordingly, I believe that it is appropriate to stay and hold in abeyance Zuber's petition for habeas corpus until the law becomes more settled on the *Miller* issue either with a ruling by the Supreme Court in *Montgomery*, or with a ruling by the Court of Appeals in *Songster*; and, until Zuber has fully litigated his pending PCRA petition in state court.") (Report and Recommendation adopted by *Zuber v. Wenerowicz*, 2015 U.S. Dist. LEXIS 51984 (E.D. Pa. Apr. 20, 2015)). Therefore, the Court finds it appropriate to stay these proceedings pending the Supreme Court's decision in *Montgomery*.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Stay Pending Exhaustion of State Court Remedies (Doc. 4) be denied as moot.

**IT IS FURTHER RECOMMENDED** that Respondents' request for a stay be granted and this matter be stayed pending the outcome of the Supreme Court's decision in *Montgomery*.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of

the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of November, 2015.

Honorable John Z. Boyle
United States Magistrate Judge