NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rojas, | No. CV-15-00933-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is Petitioner's Motion to Stay Pending Exhaustion of State Court Remedies (Doc. 4); and the Report and Recommendation (Doc. 14)("R&R") submitted in this matter by United States Magistrate Judge John Z. Boyle, to which no party has filed objections despite the time to do so having expired.  The R&R recommends that the Court deny Petitioner's Motion to Stay as moot, because since its filing, the Supreme Court of Arizona has denied review of his post-conviction relief proceedings.  But it recommends granting Respondents' request for a stay pending a decision by the Supreme Court of the United States in *Montgomery v. Louisiana*, 135 S. Ct. 1546, a matter pending in the current term.

Where a party fails to object to an R&R, the Court is free to accept the R&R without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Judge Boyle so advised the parties in the R&R.  (Doc. 14 at pp. 8-9).  Though pursuant to the above law the Court is free to accept the R&R without more, it has nonetheless conducted a review of the entire docket in this matter. Upon that review, the

Court concludes that Judge Boyle's recommendations are well taken and correctly apply the law throughout. The Court adopts the reasoning of the R&R in whole.

On July 21, 2015, the Supreme Court of Arizona denied review of Petitioner's Petition for post-Conviction relief. (Doc. 12-3, Exh. X). Upon that denial, the R&R correctly concluded that Petitioner's Motion in the instant matter is moot, and the Court will deny it as such.

Respondents have nonetheless requested a stay of the *habeas* matter, because the determination of *Montgomery* by the Supreme Court of the United States will impact this Court's analysis of whether Petitioner's *habea*s claims are time-barred, and whether they succeed or fail on their merits. The Court concludes, as Judge Boyle recommends, that the stay Respondents request is appropriate. If, in deciding *Montgomery*, the Supreme Court determines that its prior holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012)—that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders—is retroactive, Petitioner's claims in this *habeas* review may not be time-barred. Moreover, if the Supreme Court finds that *Miller* is retroactive, Petitioner's first and third grounds for relief may or may not fail on the merits. For this reason, and because the Supreme Court will have answered the question of retroactivity by its summer recess, the Court will stay the matter.

**IT IS ORDERED** adopting the Report and Recommendation in this matter (Doc. 14);

**IT IS FURTHER ORDERED** denying as moot Petitioner's Motion to Stay Pending Exhaustion of State Court Remedies (Doc. 4);

**IT IS FURTHER ORDERED** granting Respondents' request for stay pending a decision by the Supreme Court of the United States in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (Doc. 11);

///

///

///

**IT IS FURTHER ORDERED** that upon the Supreme Court's issuance of a decision in *Montgomery*, the parties shall file a notice of the decision with this Court, whereupon the Court shall lift the stay.

Dated this 28th day of January, 2016.

Honorable John J. Tuchi
United States District Judge