**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rojas,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>    Respondents. | No. CV-15-00933-PHX-JJT<br><br>**ORDER** |

The Court has considered the Report and Recommendation ("R&R") (Doc. 40) prepared by United States Magistrate Judge John Z. Boyle in this matter, as well as Respondent's Objection (Doc. 41) and Petitioner's Response thereto (Doc. 42). Both the Objection and Response were timely filed. Upon *de novo* review, the Court will sustain Respondent's Objection to Section IV of the R&R and deny the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.[1]

Petitioner is serving a life term without the possibility of parole as a result of his conviction for two counts of first degree murder. He also was sentenced to concurrent eighteen-year terms for conspiracy and armed robbery, which terms have now expired. He was fifteen years old in 1999 when he committed these offenses.

---

[1] Respondent also objects to Section I of the R&R. (Doc. 41.) Section I of the R&R is merely a summary of the R&R's conclusions and does not set forth any reasoning or analysis. The Objection is therefore superfluous and the Court denies it as such. The Court adopts the remainder of the R&R.

At the sentencing hearing, the trial judge had before him the pre-sentence investigation report for the matter, which informed the judge that Petitioner was fifteen years old and in ninth grade at an alternative school at the time of the offenses; that he had a very difficult childhood including his father leaving when Petitioner was eight years old and that he went into a children's home when his mother began using drugs; that he had suffered abuse before being moved to the children's home and was a user of marijuana and methamphetamine at the time of the offenses; that he was spending a good deal of time with friends who were "negative influences" on him at the time of the offenses; and that he was under the care of a psychiatrist to address anger management issues and taking Welbutrin at the time of sentencing. (Doc. 26 at 2-3.) Additionally, the sentencing judge received and reviewed "extensive records from a California social services agency detailing Petitioner's personal background and dysfunctional family history" and a memorandum from a mitigation specialist containing the specialist's assessment of Petitioner based on an interview and review of his records. (Doc. 12 Ex. Q at 15.)

Having reviewed that information, the judge made the following findings and observations at the sentencing hearing:

> I heard the evidence in this case. [] This was a heinous crime. Mr. Fromme, you shot him three times. The last time he was still alive. And then as Ms. Hoppes ran away screaming, you shot her twice in the head. []
>
> I did read all the papers, the documents from Orange County [social services agency report]. Yes, you had a miserable childhood, but, you know, there's a lot of people out there who have had worse childhoods than you and they don't go out and commit double homicide. It's unfortunate that your mother and your grandmother, that they're hurt by this, but the only person that you can blame for them being hurt is yourself for getting involved in this. []
>
> I have considered the aggravating and mitigating circumstances. The mitigating circumstances being your age

and no prior felony convictions. The aggravating circumstances being multiple perpetrators, the fact that it was done for pecuniary gain, the effect on the families. And also the manner of the killing, the terror. The witnesses testified to the screaming of Amy Hoppes as she tried to run away from you before you shot her.

(Doc. 12 Ex. U at 12-13.) Based on those findings the sentencing judge imposed the sentences of life without possibility of parole for the two murder charges.

The issue before the Court is whether Petitioner's life sentences without possibility of parole violate the Supreme Court's subsequent holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In *Miller*, the Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S. Ct. at 2469. While the Court in *Miller* made clear it did not preclude a sentencing judge from imposing a life sentence without parole in homicide cases, it would "require [the sentencing judge] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. The Supreme Court noted that it thought that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon" in light of the difficulty "of distinguishing at this early age between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.'" *Id*. (internal citations and quotations omitted).

The parties agree that *Miller* is retroactive in its application to Petitioner's case, and that Petitioner's "pure" *Miller* claim[2] is exhausted for purposes of AEDPA and therefore properly before this Court for resolution.

---

[2] Petitioner raised his *Miller* claim to the Arizona state courts on post-conviction review before the Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The Court in *Montgomery* not only held that its ruling in *Miller* retroactively applies to cases that have become final, but it arguably also imposed additional requirements on a judge deciding whether to impose a life sentence without possibility of parole on a juvenile offender. (*See* R&R at 11-12.). To the extent Petitioner's Habeas

- 3 -

The R&R grounded its recommendation for remand and resentencing on *Miller*'s requirement that a sentencing judge's exercise in discretion be guided by an "individualized consideration" of the offender's "age and age-related characteristics," as well as the nature of his crime. (R&R, quoting *Miller*, 132 S. Ct. at 2469-70, 2475.) The R&R observes that

> *Miller* requires a court to do more than consider a defendant's age. A judge must consider a defendant's "age and age related characteristics" [and] must also consider "how [children's] differences counsel against irrevocably sentencing them to life in prison.

(R&R at 11, internal quotation omitted.) On this statement of the law and what is required the Court agrees. But the R&R then states that "the trial judge did not consider Petitioner's 'age related characteristics' nor discuss 'how children are different'":

> [A]cknowledging Petitioner's age and miserable childhood is not the same as considering how children are different and whether Petitioner was one of the uncommon juveniles who should be sentenced to natural life in prison."

(R&R at 11, 14.) The above conclusions can only be read as an extension of *Miller* to require a sentencing judge to discuss "how children are different," either as a direct requirement, or indirectly by equating consideration of a factor to expressly mentioning that consideration in the sentencing proceeding. The Ninth Circuit has not read *Miller* to impose that requirement.

In *Bell v. Uribe*, a habeas petitioner challenged her California state court sentence, as a juvenile, to life without parole for the murder of her mother. 748 F.3d 857 (9th Cir. 2014). The information before the sentencing judge, as set forth by the Ninth Circuit, was

---

Petition would present a *Montgomery*-based claim, Respondent argues such claim is unexhausted and therefore not properly before the Court.

Petitioner urges that *Montgomery* provides "clarifying language" to *Miller* but "does not create a new right," and thus does not affect his *Miller* claim. (Doc. 24 at 10-11.) Respondent states it does not object to resolution of the Petition on "narrow grounds, treating [Petitioner's] claim as a 'pure' *Miller* claim 'without reference to *Montgomery*.'" (Doc. 41 at 3.) Magistrate Judge Boyle recommends, and based on its analysis below this Court agrees, that it can properly decide this as a "pure" *Miller* claim.

- 4 -

strikingly similar in depth to the information before the sentencing judge in the instant case. The sentencing judge in *Bell* merely stated that she had reviewed and considered the probation department's report on the petitioner, "which contained mitigating evidence related to [the petitioner]'s education, health, substance abuse history, and lack of prior criminal record." *Id*. at 870. Beyond the fact that the petitioner was sixteen at the time of the murder, the sentencing judge did not discuss at all at sentencing "how children are different," within the meaning of *Miller*, or otherwise expressly address her age-related characteristics. Nonetheless, the Ninth Circuit affirmed the district court's denial of the habeas petition in *Bell*, holding that the sentencing judge performed, as described above, an adequate individualized assessment of the petitioner and her offense. *Id*. In reaching its conclusion, the court in *Bell* focused simply on whether California's applicable sentencing laws "afford[ed] the sentencing judge discretion to consider the specific circumstances of the offender and the offense." *Id*. As long as she had such discretion, the court in *Bell* did not require any specific recitation. No such recitation is necessary in the present case.[3]

Should Petitioner wish to appeal this decision, the Court concludes that a certificate of appealability should issue regarding the *Miller* issue. As the Supreme Court has recently clarified, the inquiry regarding the issuance of a certificate of appealability "is not coextensive with a merits analysis" and the threshold question of whether "jurists of reason could disagree with the district court's resolution of [Petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further" should be determined without "full consideration of the factual or legal bases adduced in support of the claims." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). While the Court concludes that the petitioner's sentencing did not

---

[3] *See also Aguilar v. Ryan*, No. CV-14-02513-PHX-DJH, 2017 WL 2119490, at *4 (D. Ariz. May 16, 2017) ("This Court therefore declines to interpret *Miller* to require a sentencing judge to make formal findings of fact regarding a juvenile offender's youth and attendant characteristics before imposing a life without parole sentence.").

| | |
|---|---|
| 1 | violate the constitutional principles set forth in *Miller*, the Court cannot conclude that |
| 2 | jurists of reason could not find the issue to be debatable. |

IT IS ORDERED sustaining Petitioner's Objection (Doc. 41) to Section IV of the Magistrate Judge's R&R (Doc. 40) and overruling the Objection to Section I thereof.

IT IS FURTHER ORDERED adopting the remainder of the R&R (Doc. 40).

IT IS FURTHER ORDERED that the petitioner's First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall issue on the question of whether Petitioner's sentencing complied with the constitutional requirements set forth in *Miller v. Alabama*, 567 U.S. 460 (2012).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

Dated this 17th day of April, 2018.

Honorable John J. Tuchi
United States District Judge